IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **MARTIN L. SAMUDIO and SAN JUANITA SAMUDIO,** § § § | |
| *Plaintiff,* § § | |
| v. § | Civil Action No. 5:19-cv-1334 |
| § | |
| **LOANCARE, LLC, Mortgage Servicer for LAKEVIEW LOAN SERVICING, LLC,** § § § § § | |
| *Defendants.* § | |

## DEFENDANTS' NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§1332, 1441 and 1446, Defendants LoanCare, LLC, ("LoanCare") Mortgage Servicer for Lakeview Loan Servicing, LLC ("Lakeview") (collectively "Defendants") remove this action from the 45th Judicial District Court of Bexar County, Texas, to the United States District Court for the Western District of Texas, San Antonio Division, and in support thereof would show unto the Court the following:

### I.   STATE COURT ACTION

1.   On June 3, 2019, Plaintiffs Martin L. Samudio and San Juanita Samudio ("Plaintiffs") filed their Application and Affidavit for Temporary Restraining Order, Temporary Injunction, and Permanent Injunction (the "Complaint"), styled *Martin L. Samudio and San Juanita Samudio v. Loan Care, LLC, Mortgage Servicer for Lakeview Loan Servicing, LLC*; Cause No. 2019CI11100, in the 45th Judicial District Court of Bexar County, Texas.

2.   Pursuant to 28 U.S.C. §1446(d), this Notice of Removal will be filed with the 45th Judicial District Court of Bexar County, Texas, and a copy of this Notice of Removal will also be served on all parties.

3. In the State Court Action, Plaintiffs seek only injunctive relief while they do not state a cause of action, they complain of issues related to credit for payments made under the loan agreement secured by the property made subject of this suit.

4. Pursuant to 28 U.S.C. §1446(a), copies of all process, pleadings, orders, and other papers filed in the 45th Judicial District Court and obtained by Defendants are attached hereto.

## II. TIMELINE FOR NOTICE OF REMOVAL

5. Defendants have not been served in this action and Plaintiffs have not requested service. Less than thirty (30) days have passed since Defendants received notice of this lawsuit, and thus, removal is timely. 28 U.S.C. §1446(b)(1).

## III. BASIS FOR REMOVAL: DIVERSITY JURISDICTION

6. The Court has original jurisdiction over this action pursuant to 28 U.S.C. §1332(a)(1) because there is complete diversity of the Parties and the amount in controversy exceeds $75,000.

### a. Diversity of Citizenship

7. Removal in this case is proper because this Court has diversity jurisdiction under 28 U.S.C. §1332(a)(1). Where there is complete diversity among parties and the amount in controversy exceeds $75,000.00, an action may be removed to federal court.

8. This controversy is entirely between citizens of different states as required for diversity jurisdiction under 28 U.S.C. §1332(a)(1), in that every defendant is diverse from Plaintiffs.

9. Based upon Plaintiffs' Complaint, Plaintiffs are citizens of San Antonio, Bexar County, Texas.

10. Defendant LoanCare LLC is a limited liability company. LoanCare may be considered a citizen of Delaware, Florida, Wisconsin, Massachusetts, New Hampshire and New York. It is not a citizen of Texas.

    a. LoanCare's sole member is ServiceLink NLS, LLC, a Delaware limited liability company.

    b. ServiceLink NLS, LLC's sole member is ServiceLink Holdings, LLC.

    c. ServiceLink Holdings, LLC's members are ServiceLink Holdings, Inc. and ten private investment funds.

    d. ServiceLink Holdings, Inc. is a Delaware corporation with its principal place of business in Florida.

    e. One of the investment funds, THL Equity VI Investors (BKFS) III, L.P. is a Delaware limited partnership, whose sole member is a Japanese bank with its principal place of business in Japan.

    f. Two of the investment funds are limited liability companies: THL Equity Fund VI Investors (BKFS-LM), LLC and THL Equity Fund VI Investors (BKFS-NB), LLC. THL Equity Fund VI Investors (BKFS-LM), LLC is held by six corporations. Two of the corporations are incorporated in Wisconsin, two are incorporated in Massachusetts, and two are incorporated in New Hampshire. All six of the corporations have their principal place of business in Massachusetts.

    g. The sole member of the other limited liability company, THL Equity Fund VI Investors (BKFS-NB), LLC, is a Wyoming limited partnership with its principal place of business in New York. The Wyoming

        limited partnership is held by a governmental entity in the State of Wyoming and another Wyoming limited liability company, which, in turn, is controlled by a Delaware corporation with its principal place of business in New York.

    h.    The remaining seven members of ServiceLink Holdings, LLC are Delaware corporations with their principal place of business in Massachusetts: THL Investors Black Knight II (A) Holding Corp.; THL Investors Black Knight II (B) Holding Corp.; THL Black Knight II (A) Holding Corp.; THL Black Knight II (B) Holding Corp.; THL Black Knight II (C) Holding Corp.; THL Black Knight II (D) Holding Corp.; and THL Black Knight II (E) Holding Corp.

11.    Defendant Lakeview Loan Servicing, LLC is a citizen of Delaware and Florida for diversity jurisdiction. Lakeview Loan Servicing, LLC is a Florida limited liability company whose sole member is Bayview MSR Opportunity Corp., a Delaware Corporation. Based on the foregoing, Lakeview Loan Servicing, LLC is a citizen of Delaware and Florida.

12.    Plaintiffs are citizens of the State of Texas, LoanCare may be considered a citizen of the States of Delaware, Florida, Wisconsin, Massachusetts, New Hampshire and New York, and Lakeview is a citizen of Delaware and Florida, accordingly this lawsuit is between citizens of different states and complete diversity exists among the parties. See 28 U.S.C. §1332(a)(1).

    **b.**    **Amount in Controversy Exceeds $75,000.**

13.    Although Plaintiffs' Complaint does not specifically allege the amount in controversy, it is clear from review of the Complaint and the evidence attached hereto that the amount in controversy exceeds $75,000.

14.     The Complaint seeks injunctive relief related to the foreclosure on the Property. "In actions seeking declaratory relief or injunction relief the amount in controversy is measured by the value of the object of the litigation." *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983). "It is well established in actions in which declaratory or injunctive relief is sought, the amount in controversy for jurisdictional purposes is measured by the direct pecuniary value of the right which the plaintiff seeks to enforce or protect or the value of the object which is the subject matter of the suit." *Martinez v. BAC Home Loans Servicing. LP*, 777 F. Supp. 2d 1039, 1044 (W.D.Tex.2010). The Fifth Circuit has held that when the right to the property is at issue, the value of the property controls the amount in controversy. *Waller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547–48 (5th Cir.1961); see also *Nationstar Mortg. LLC v. Knox*, 351 Fed. Appx. 844, 848 (5th Cir.2009) (Waller extended to a suit seeking injunctive relief to prevent foreclosure).

15.     The most recent tax appraisal for the Property valued it at $217,490.[1] This alone satisfies the $75,000 requirement. See *Griffin*, 2010 WL 4781297 at *3 (considering appraisal district figure as evidence that amount in controversy requirement was met); *Eisenberg v. Deutsche Bank Trust Co. Americas*, No. SA–11–CV–384–XR, 2011 WL 2636135, *1 (W.D. Tex. 2011), 2011 WL 2636135 at *1 (same). Accordingly, considering the value of the Property, it is apparent on the face of Plaintiffs' Complaint that the amount in controversy more likely than not exceeds $75,000.

### IV.   VENUE

16.     Venue for this Removal is proper in the United States District Court for the Western District of Texas, San Antonio Division, because this district and division includes Bexar County, Texas, which is the location of the pending state court action. 28 U.S.C. §1441(a); 28 U.S.C. §124(d)(1).

---

[1] *See* Exhibit 1, Bexar County Appraisal District valuation for the Property for 2019.

## V.   CONCLUSION

WHEREFORE Defendants LoanCare, LLC, Mortgage Servicer for Lakeview Loan Servicing, LLC remove this action from the 45th Judicial District Court of Bexar County, Texas, to the United States District Court for the Western District of Texas, San Antonio Division, so that this Court may assume jurisdiction over the cause as provided by law.

Respectfully submitted,

By:   */s/ Mark D. Hopkins*
Mark D. Hopkins
Hopkins Law, PLLC
State Bar No. 00793975
3809 Juniper Trace, Suite 101
Austin, Texas 78738
(512) 600-4320
mark@hopkinslawtexas.com

OF COUNSEL for
**CODILIS & MOODY, P.C.**
400 North Sam Houston Parkway East
Suite 900A
Houston, Texas 77060
(281) 925-5243
(281) 925-5343 Fax

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

      I hereby certify that on the 14th day of November 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF filing system, and will send a true and correct copy to the following:

*VIA E-SERVICE:*
Morris J. Kirschberg
Morris Kirschberg Law Firm
5835 Callaghan Road, Suite 100
San Antonio, Texas 78228
morris@mkirschberg.com
**ATTORNEY FOR PLAINTIFFS**

                */s/ Mark D. Hopkins*
                Mark D. Hopkins