IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MARTIN L. SAMUDIO and SAN JUANITA SAMUDIO, | § § § | NO. 5:19-CV-1334-DAE |
| Plaintiffs, | § § | |
| vs. | § § | |
| LOANCARE, LLC, Mortgage Servicer for LAKEVIEW LOAN SERVICING, LLC, | § § § | |
| Defendant. | § § | |
| _____ | § | |

## ORDER GRANTING MOTION TO DISMISS

The matter before the Court is Defendant LoanCare, LLC, Mortgage

Servicer for Lakeview Loan Servicing, LLC's ("LoanCare" or "Defendant")

Motion to Dismiss for Failure to State a Claim.  (Dkt. # 3.)  Pursuant to Local Rule

CV-7(h), the Court finds this matter suitable for disposition without a hearing.

After careful consideration of the memorandum in support of the motion, the

Court, for the reasons that follow, **GRANTS** LoanCare's Motion to Dismiss.

## BACKGROUND

Martin L. Samudio and San Juanita Samudio ("Plaintiffs") are the

purported owners of certain real property located at 4234 Vantage View Drive, San

Antonio, Texas 78228 ("Property").  (Dkt. # 3 at 2.)  In obtaining the Property,

Plaintiffs executed a Note in the amount of $198,831.00 and a Deed of Trust the same day, which was recorded in the Official Public Records of Bexar County, Texas.  (Id.)  The Property was noticed for foreclosure sale on June 4, 2019, but Plaintiffs obtained a temporary restraining order in Bexar County court that prevented the sale.  (Dkt. # 1-3 at 8.)

In their original application, Plaintiffs also sought an accounting and request for an injunction in Bexar County court to stop the alleged wrongful sale. (See Dkt. # 1-3.)  Defendant removed the case to this Court on November 14, 2019.  (Dkt. # 1.)  Defendant filed a Motion to Dismiss for Failure to State a Claim on November 20, 2019.  (Dkt. # 3.)  LoanCare argues that there are no factual allegations, much less any evidentiary support, that Plaintiffs suffered any damages or are entitled to any relief and, therefore, Plaintiffs' Complaint must be dismissed. (Id. at 2.)  Plaintiffs have not filed a response.

<u>LEGAL STANDARD</u>

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted."  In analyzing a motion to dismiss for failure to state a claim, the court "accept[s] 'all well pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"  United States ex rel. Vavra v. Kellogg Brown & Root, Inc., 727 F.3d

343, 346 (5th Cir. 2013) (quoting In re Katrina Canal Breaches Litig., 495 F.3d

191, 205 (5th Cir. 2007)).

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead

"enough facts to state a claim to relief that is plausible on its face."  Bell Atl.

Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility

when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged."

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

## DISCUSSION

LoanCare moves to dismiss Plaintiffs' claims on the basis that the

complaint is deficient and fails to state any claim upon which relief can be granted.

(Dkt. # 3 at 2.)  LoanCare asserts that the Court should dismiss Plaintiffs'

complaint in its entirety for failure to state a claim because Plaintiffs fail to clearly

identify a single cause of action.  (Id.)  Further, LoanCare argues, Plaintiffs fail to

allege sufficient facts in support of their vague stated actions and Plaintiffs fail to

allege that they are not in default under the loan agreement and are entitled to relief

or have suffered damages.  (Id.)

LoanCare specifically asserts that Plaintiffs' breach of contract claim

fails because they provide no specifics regarding their purported request for

reinstatement or request for any loss mitigation, which may include a forbearance.

(Id. at 4.)  Additionally, Defendant argues that no claim exists for attempted wrongful sale because no foreclosure has occurred, and Plaintiffs continue to occupy the property.  (Id. at 6.)  Defendant also argues that Plaintiffs' claim for an accounting is inappropriate since accounting is a remedy and not a cause of action that can stand as an independent claim.  (Id.)  Finally, Defendant asserts that injunctive relief precluding Defendant from foreclosing on the property should be denied because it is dependent on a viable underlying cause of action, which Defendant argues Plaintiffs have not asserted.  (Id. at 7.)

A. Breach of Contract

In Texas, a plaintiff must establish the following essential elements of a breach of contract claim: "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by defendant; and (4) damages sustained by the plaintiff as a result of the breach."  Smith Int'l, Inc. v. Egle Grp., LLC, 490 F.3d 380, 387 (5th Cir. 2007) (quotation omitted).  To sustain a breach of contract claim, a plaintiff must typically "identify the specific provision in the contract that was breached" and cannot rely on general allegations. Seeberger v. Bank of Am., N.A., No. EP-14-CV-366-KC, 2015 WL 9200878, at *17 (W.D. Tex. Dec. 16, 2015) (citing Watson v. CitiMortgage, Inc., 814 F. Supp. 2d 726, 730 (E.D. Tex. 2011)).

Here, while Plaintiffs' state court application vaguely asserts that Defendant breached the contractual obligations under the Deed of Trust by failing to be forthcoming with reinstatement and/or forbearance procedures as the law requires, the allegations are general and do not point to any specific provision in the Deed of Trust that is alleged to have been breached.  See Seeberger v. Bank of Am., N.A., No. EP-14-CV-366-KC, 2015 WL 9200878, at *17 (W.D. Tex. Dec. 16, 2015) (W.D. Tex. 2015) (dismissing breach of contract claim in part because plaintiffs generally alleged defendant was in breach of loan agreements).

Additionally, Plaintiffs assert no damages and continue to reside in the Property since the execution of the temporary restraining order by the Bexar County court.  (See Dkt. # 1-3.)  Plaintiffs do not allege they are current on payments or making any payments, but rather vaguely assert that Defendant is violating their rights because it has not furnished them with a complete accounting of their indebtedness.  (Id. (See, e.g., Seeberger v. Bank of Am., N.A., No. EP-14-CV-366-KC, 2015 WL 9200878, at *17 (W.D. Tex. Dec. 16, 2015) (W.D. Tex. 2015) (dismissing breach of contract claim because plaintiff failed to allege he was current on payments according to contract)).)  In accordance with the above failure to assert of the necessary facts, the Court finds that Plaintiffs failed to allege a claim for breach of contract.

B.    Attempted Wrongful Sale

To make a claim for wrongful sale, a plaintiff must establish (1) a defect in the foreclosure sale proceedings, (2) a grossly inadequate selling price, and (3) a causal connection between the defect and the grossly inadequate selling price.  See Hurd v. BAC Home Loans Servicing, LP, 880 F. Supp. 2d 747, 766 (N.D. Tex. 2012) (citing Sauceda v. GMAC Mortgage Corp., 268 S.W.3d 135, 139 (Tex. App.—Corpus Christi 2008, no pet.)).

Here, Plaintiff alleges that any foreclosure sale would be wrongful. (See Dkt. # 1-3.)  Specifically, Plaintiff alleges that any sale would be wrongful because they have not been furnished with a complete accounting of their indebtedness.  (See id.)  Plaintiff's petition, however, fails to allege any facts or evidence that show even that a foreclosure sale proceeding took place let alone any defects in it.  (See id.)  Thus, the Court finds that Plaintiff has not adequately alleged a claim for wrongful sale.

C.    Accounting

Under Texas law, accounting is a remedy and not an independent claim that a plaintiff can assert.  Barcenas v. Fed. Home Loan Mortg. Corp., No. CIV.A. H-12-2466, 2013 WL 286250, at *9 (S.D. Tex. Jan. 24, 2013).  It is not available where there is no viable cause of action.  Franklin v. BAC Home Loans

Servicing, LP, No. 3:10-CV-1174-M, 2012 WL 2679496, at *12 (N.D. Tex. June 6, 2012).

Here, to the extent Plaintiffs allege accounting as an independent action, the claim fails.  And, to the extent Plaintiffs could plead such a claim, their application fails to allege specific facts beyond a general assertion that they have not received a full accounting of their indebtedness.  (See Dkt. # 1-2.) Accordingly, Plaintiffs have not sufficiently alleged any independent claim for which accounting would serve as an appropriate remedy.  Thus, the Court finds this claim should also be dismissed.

D.    Injunctive Relief

Finally, Plaintiffs' claim for injunctive relief also fails.  To obtain injunctive relief, a plaintiff must demonstrate, among other things, a likelihood of success on the merits of his claim.  See Harris Cnty. v. CarMax Auto Superstores, Inc., 177 F.3d 306, 312 (5th Cir. 1999).  Because Plaintiffs have not pled any viable cause of action, they have not demonstrated a likelihood of success on the merits, and their claim for injunctive relief will also be dismissed.  See, e.g., Suarez v. Ocwen Loan Servicing, LLC, No. 5:15-CV-664-DAE, 2015 WL 7076674, at *4 (W.D. Tex. Nov. 12, 2015); Rodriguez v. Bank of Am., N.A., No. SA-12-CV-905-DAE, 2013 WL 1773670, at *13 (W.D. Tex. Apr. 25, 2013).

CONCLUSION

For the foregoing reasons, the Court **GRANTS** LoanCare's Motion to Dismiss.  (Dkt. # 3).  Because allowing Plaintiffs leave to amend their claims would be futile, the Court will **DISMISS** Plaintiffs' claims.  The Clerk's office is instructed to **ENTER JUDGMENT** and **CLOSE** the **CASE**.

**IT IS SO ORDERED**.

**DATED**: San Antonio, Texas, April 2, 2020.

_____

David Alan Ezra
Senior United States District Judge

8